UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| NOTICXE, INC., f/k/a Exciton, Inc., | Case No. 3:18-cv-00056 |
| Plaintiff/Counterclaim Defendant, | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| vs. | |
| OAKLEY, INC., | |
| Defendant/Counterclaim Plaintiff. | |

# REPORT AND RECOMMENDATION[1]

## I. Introduction

Plaintiff Noticxe, Inc. describes itself as "a researcher, developer, manufacturer, and distributor of various chemical dyes and compounds used in connection with lasers and other applications…." (Doc. #1, ¶5). Defendant Oakley, Inc. "is a sports equipment company that designs, develops, manufactures, and sells sports performance equipment and lifestyle pieces, including eyewear." *Id*. at ¶6; *see* Doc. #11, ¶6.

Noticxe claims that Oakley has breached the parties' contract–an Asset Purchase Agreement (the Agreement). Oakley counterclaims that Noticxe breached the terms of the Agreement and committed the torts of conversion and replevin. The case is presently pending on Plaintiff's Motion to Dismiss Oakley's Counterclaims for Conversion and Replevin (Doc. #18), Oakley's Memorandum in Opposition (Doc. #19), Plaintiff's Reply (Doc. #20), and the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

record as a whole.

## II. Oakley's Counterclaims

Oakley describes three of its six Counterclaims as follows:

**Breach of Contract.** Under the terms of the Asset Purchase Agreement, it purchased Plaintiff's "Books and Records." Oakley acknowledges that Noticxe was permitted to retain the Books and Records for a period of one year after the January 27, 2017 closing. (Doc. #11, *PageID* #s 76-77). But, according to Oakley, Noticxe retains, possesses, and refuses to deliver to Oakley the Books and Records in breach of the Agreement. Oakley additionally claims that Noticxe has breached the noncompetition and nonsolicitation provisions in the Agreement by attempting to sell Oakley-owned intellectual property to a third party who would then be able to engage in competition with Plaintiff. *Id*. at 77-78.

**Replevin.** Oakley asserts, "Pursuant to the Agreement, Oakley purchased Plaintiff's Books and Records …," and "Oakley is now the lawful owner of the Books and Records." *Id*. at 78. Oakley alleges that Noticxe has no right to possess the Books and Records, and has retained, possesses, and refuses to deliver the Books and Records to Oakley. The approximate value of the Books and Records, according to Oakley, is more than $2 million. Oakley alleges that it continues to be damaged by Plaintiff's retention of the Books and Records. *Id*. at 78-80.

**Conversion.** Noticxe has unlawfully exercised control over the Books and Records, which Oakley owns, in a manner inconsistent with Oakley's ownership. "As a result, Oakley has been damaged in an amount to be proven at trial." *Id*. at 80.

## III. Rule 12(b)(6)

Taking Oakley's factual allegations as true and construing its Counterclaims in its

favor—as Rule 12(b)(6) requires—the inquiry is "whether the [Oakley] is entitled to legal relief as a matter of law." *McCormick v. Miami University*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (other citation omitted)); *see Stafford v. Ward*, 3:16cv125, 2018 WL 836374, at *1 (S.D. Ohio, Feb. 13, 2018) (Rice, D.J.). Stating this in the negative, a Rule 12(b)(6) dismissal is warranted if, under Oakley's well-pleaded facts, the applicable law fails to support or altogether bars Oakley's asserted claim to relief. "'[T]he very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007).

## IV. Discussion

The parties disagree over whether Ohio law allows Oakley to assert its counterclaims of conversion and replevin when Oakley also brings a breach-of-contract counterclaim. The Ohio law that germinates their debate contains a general rule tempered by an exception:

> In Ohio, "generally, the existence of a contract action excludes the opportunity to present the same case as a tort claim." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.,* 115 Ohio App.3d 137, [151,] 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996) (quoting *Wolfe v. Continental Cas. Co.,* 647 F.2d 705, 710 (6th Cir.1981)). This is because where parties have reached an agreement "protection for economic losses should arise under the bargained-for contract." *Middleton v. Rogers Ltd., Inc.*, 804 F.Supp.2d 632, 639 (S.D. Ohio 2011) (citing *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.,* 42 Ohio St.3d 40, 537 N.E.2d 624, 630–31 (1989)); (*see also Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 835 N.E.2d 701, 704 (2005) ("When a duty in tort exists, a party may recover in tort. When a duty is premised entirely upon the terms of a contract, a party may recover based upon breach of contract")). Further, a party may not transform a breach of contract claim into a tort claim by simply additionally alleging that the opposing party intentionally, wantonly, or maliciously failed to perform its contractual duties. *Ketcham v. Miller,* 104 Ohio St. 372, 136 N.E. 145, 146–147 (1922); *see also Wolfe v. Continental Cas. Co.,* 647 F.2d 705, 710 (6th Cir. 1981).

3

>Nevertheless, a plaintiff may state a tort claim in addition to a breach of contact claim if the plaintiff is able to demonstrate that tortious conduct by the defendant that breached "a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Textron,* 684 N.E.2d at 1270. In addition, a tort claim arising out of a breach of contract "must include actual damages attributable to the wrongful acts of the alleged tortfeasor which are *in addition* to those attributable to the breach of the contract." *Id.* at 1271; *see also Cincinnati Gas & Elec. Co. v. General Elec. Co.,* 656 F.Supp. 49, 62-63 (S.D. Ohio 1986) (emphasis original).

*Wells Fargo Bank, N.A. v. Fifth Third Bank,* 931 F.Supp.2d 834, 838-39 (S.D. Ohio 2013).

Noticxe contends that Oakley's tort claims in conversion and replevin are duplicative of its breach-of-contract claim and must therefore be dismissed as a matter of law. Noticxe reasons, "But for the Asset Purchase Agreement, Oakley would have no purported right to the property at issue." (Doc. #18, *PageID* #104). Noticxe also reasons that Oakley has not identified any duty or damages independent of its alleged contractual damages.

Applying Ohio's general rule, Oakley may not raise the same claims in both tort and contract. *See Wells Fargo,* 931 F.Supp.2d at 838-39 (and cases cited therein). The exception to the general rule does not apply to Oakley's claims in conversion and replevin because each tort claim rests on the terms of the Agreement and the duties it potentially imposes on Plaintiff. The Agreement—Oakley claims—grants it lawful ownership of the Books and Records, yet "Plaintiff has breached the Agreement by retaining and continuing to possess these Books and Records belonging to Oakley…," beyond one year after closing. (Doc. #11, *PageID* #77). The issues these allegations raise depend upon what the Agreement commands: *e.g.,* whether the Agreement granted Oakley ownership of the Books and Records, and whether Noticxe breached the Agreement by retaining and continually possessing the Books and Records. Oakley's conversion and replevin claims are not based on a duty owed separately from those

4

imposed by the Agreement. *See Wells Fargo,* 931 F.Supp.2d at 838-39.

Oakley opposes this conclusion by finding it contrary to legal authority in the Southern District of Ohio–namely, *Medpace, Inc. v. Biothera*, 1:12cv179, 2013 WL 1386298, *3-*4 (S.D. Ohio April 4, 2013) (Black, D.J.).

In *Medpace*, Biothera contracted with Medpace to manage clinical trials of Biothera's cancer drug. Biothera transferred its report forms, study files, and data to Medpace, as the parties' contract required. *Id.* at *1. Medpace, in turn, held a contractual duty to "safeguard, organize, and otherwise improve those materials." *Id.* at *3. The parties' contract also required Medpace to return the documents and other materials to Biothera upon termination of the Agreement. Despite this, Medpace refused to return all the documents and data to Biothera. *Id.* at *1.

Although Biothera brought a breach-of-contract claim, the Court found that Biothera also raised a distinct conversion claim. The distinction arose from Medpace's duty as bailee, under Ohio law, of Biothera's documents. The parties' agreement "was not a contract for the sale of goods and did not confer title of the [documents and materials] on Biothera." *Id.* at *3. The Court reasoned that rather than conferring title to Medpace, the documents and materials were "and would always remain the exclusive property of Biothera. Biothera would own the property even absent the [parties' agreement]." *Id.* "As bailee, Medpace had a duty to return the bailed property upon demand, but it refused." *Id.* Because Medpace allegedly breached a duty imposed on it as bailee of Biothera's property, Biothera's conversion claim was not based on, or duplicative of, Medpace's breach of its contractual duties. *Id.* at *4.

The present case is distinguished from *Medpace*. Here, Oakley's replevin and

5

conversion Counterclaims do not specifically allege that Noticxe stands as bailee of Oakley's Books and Records or that Noticxe owes a duty as bailee to return Oakley's property. Rather, Oakley's conversion and replevin Counterclaims, as pled, derive Plaintiff's duty to deliver solely from the parties' Agreement. *See* Doc. #11, *PageID* #s 78-80.

Additionally, unlike in *Medpace*, a bailment does not arise under Ohio common law in the present case because there is no indication in Oakley's Counterclaims that it transferred its property—*i.e.*, property it owned by title—to Noticxe "to hold in trust for a particular purpose, with a contract, express or implied, that the property shall be returned once the purpose has been faithfully executed." *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 830, 621 N.E.2d 1294, 1296 (1993). Instead, the present case involves Oakley's straightforward *purchase*—under the parties' Asset Purchase Agreement—of nearly all Noticxe's assets, including its "Books and Records." Oakley alleges that it "*purchased* Plaintiff's Books and Records." (Doc. #11, *Page* #78, ¶15 (emphasis added); *see also* ¶2). A bailment simply does not arise in this situation under Ohio common law. *See Williams v. Mike Kaeser Towing*, 2006-Ohio-6976, ¶ 19, 2006 WL 3825150, at *3 (Ohio App., Dec. 29, 2006) ("A bailment is defined as the delivery of 'personal property by one person (the bailor) to another (the bailee) who holds the property for a certain purpose under an express or implied-in-fact contract.' Possession alone is transferred, and ownership remains with the bailor." (footnotes and citations omitted)); *cf. David v. Lose*, 7 Ohio St.2d 97, 98 (1966) ("When the plaintiff entrusted his mare to the defendants for breeding purposes and paid for this service, a bailment for hire was created."); *cf. also Pschesang v. Butler*, CA98-050033, 1999 WL 17696, at *3 (Ohio App., Jan. 19, 1999) ("To establish a prima facie case in contract, appellee must prove (1) the

contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment." (citations omitted)). And, even if the parties' Agreement somehow created a bailment, the source of the bailment was contractual (the Agreement) rather than an independent situation indicating that Plaintiff, as bailee, was negligent or acted without due care. *See Lose*, 7 Ohio St.2d at 99 (distinguishing breach-of-contract bailment from negligent bailment); *see Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284 (1944) ("Where the bailee fails to *redeliver* the property upon a legal demand therefor, a right of action accrues in favor of the bailor. It is generally recognized that the bailor, under such circumstances, may bring an action based upon breach of contract or upon negligence." (emphasis added)).

Accordingly, Noticxe's Motion to Dismiss is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

Noticxe's Motion to Dismiss Oakley's Counterclaims for Conversion and Replevin (Doc. #18) be GRANTED.

December 13, 2018                                *s/Sharon L. Ovington*
                                                      Sharon L. Ovington
                                                      United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).